**AFFIRMED; Opinion Filed July 21, 2016.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-01240-CR

**JAMES CARL SCHMIDT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-15-29**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Evans

James Carl Schmidt appeals his conviction for assault on a public servant. In his sole issue, appellant complains the trial court erred in failing to instruct the jury on the defensive issue of involuntary conduct. Based on the record before us, we conclude there was no evidence to support the requested instruction. We therefore affirm the trial court's judgment.

## BACKGROUND

The incident from which appellant's conviction arose occurred when police responded to a welfare check after a 9-1-1 call reported appellant was standing in a parking lot, "acting kind of strange." Officers Andres Spivey and Jeff Freeman were among others that responded to the call. Spivey testified that he approached appellant and engaged him in conversation to assess the situation. Freeman watched appellant from behind. At one point, when Freeman observed

appellant breathing heavily, clenching his jaws, and clenching his fists, he unholstered his taser. Both Spivey and Freeman testified that the situation was escalating when appellant stated " . . . if you guys bum rush me, it ain't going to be pretty." Spivey took that to mean that if they wanted to take appellant into custody, he would not go willingly. Freeman noted he viewed appellant's statement as an indication that a physical confrontation was imminent.

After Freeman unholstered his taser, appellant put his hands in the air, but then refused to follow Freeman's command either to put his hands behind his back or to get down on his knees. When Freeman placed his hand on appellant's arm to place him in hand restraints, appellant reacted violently and started swinging his arms. Spivey testified that when Freeman went to grab appellant's arm, appellant pulled away, and then made a separate movement that struck Spivey. Appellant hit Spivey on the side of Spivey's head, on his left ear. Freeman and Spivey were assisted by an off-duty officer who came to help the officers place appellant in custody after she witnessed the officers struggling with appellant and observed appellant's noncompliance. In addition to the trial testimony, a video of the incident from Spivey's body camera was admitted into evidence. Spivey sustained a quarter-inch laceration behind his left ear and was treated for his injury at the scene by a paramedic. Mitchell Dunn, a psychiatrist, testified that he examined appellant in jail about five months after the incident and diagnosed him with methamphetamine psychotic disorder, methamphetamine dependence, depressive disorder, alcohol dependence, and antisocial personality disorder.

Appellant was indicted for assault on a public servant. The matter proceeded to trial before a jury. Appellant presented no witnesses on his behalf and did not testify at trial. During the charge conference, the trial court denied appellant's request that the charge include a jury instruction on involuntary conduct. The jury found appellant guilty of assault on a public servant and sentenced him to eight years in prison. This appeal followed.

**ANALYSIS**

On appeal, appellant contends his conviction should be reversed because he suffered some harm as a result of the trial court's failure to submit to the jury his requested instruction on involuntary conduct. When reviewing a jury-charge complaint, we must first determine whether error exists in the charge. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error did not occur, our analysis ends. *Id*.

Appellant's complaint fails the first step of our analysis. A trial court must give requested instructions on every defensive issue raised by the evidence without regard to its source or strength, even when the evidence is not credible or contradicted. *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013) (citing *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007)). Involuntary conduct is a defense to prosecution. *See* TEX. PENAL CODE ANN. § 6.01(a) (West 2011) (person commits an offense only if he voluntarily engages in conduct, including an act, omission or possession). When a defendant asserts the involuntary act defense, he concedes his body made the motion, but denies criminal responsibility for the act. *See Rogers v. State*, 105 S.W.3d 630, 639 n.30 (Tex. Crim. App. 2003). If the physical body movement results from someone else's act, some independent non-human force, by physical reflex or convulsion, or the product of unconsciousness, hypnosis, or other nonvolitional impetus, the movement is not voluntary. *Id*. at 638. A voluntariness instruction is required only if the defendant admits he committed the charged act but contends he is not criminally responsible for the conduct. *See Bundage v. State*, 470 S.W.3d 227, 232 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Our review of the record does not support appellant's contention that the evidence arguably raised the defensive issue of involuntary conduct. Here, appellant did not admit that he struck Spivey as charged. Nevertheless, appellant asserts the evidence "is not inconsistent with

the argument made by defense counsel that appellant did not intentionally hit the officer." Appellant maintains that evidence demonstrating Freeman approached him from behind to grab his arm without warning raised the possibility that appellant's action was a reflexive action and not a voluntary act. Even assuming appellant reflexively pulled his arm away when Freeman attempted to place him in hand restraints, Spivey testified that appellant's movement in striking him on the side of the head was a separate movement. There was no evidence that this separate movement was reflexive or otherwise involuntary. Appellant also relies on the statement Spivey made on the body camera video that he didn't think appellant had any criminal intent. In making his argument, appellant mistakenly conflates the mens rea element of the offense with the defensive issue of an involuntary act, which is a separate issue. *See Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

Because there was no evidence raising an issue with respect to whether appellant's action in striking Spivey was anything other than voluntary, the trial court did not err in denying appellant's requested jury instruction on involuntary conduct. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/David Evans/

DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151240F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES CARL SCHMIDT, Appellant

No. 05-15-01240-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-15-29
Opinion delivered by Justice Evans, Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of July, 2016.